IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STEWART "BUDDY" FUZZELL, JR., }
et al.,                        }
                               }
    Plaintiffs,                }
                               }    CIVIL ACTION NO.
v.                             }
                               }    2:14-CV-2202-WMA
DRC EMERGENCY SERVICES, LLC,   }
et al.,                        }
                               }
    Defendants.                }

## MEMORANDUM OPINION

Before the court is a motion to remand (Doc. 12) filed by plaintiffs Stewart "Buddy" Fuzzell, Jr., and Cahaba Disaster Recovery, LLC ("Cahaba"), on December 12, 2014. For the reasons stated below, the motion will be granted.

## BACKGROUND

Plaintiffs initiated this action in the Circuit Court of Jefferson County, Alabama, on October 7, 2014. (Doc. 1-1 at 3). The complaint names DRC Emergency Services, LLC ("DRC"), BNY Mellon-Alcentra Mezzanine III, L.P. ("Alcentra"), Scott B. Gold, and five fictitious parties as defendants. The plaintiffs present six causes of action or theories of liability, primarily focusing on the breach of an alleged oral promise made by Alcentra and Gold to convey to Fuzzell an equity interest in DRC. (Doc. 1-1 at 20).

On November 13, 2014, Alcentra and Gold timely filed a notice of removal with this court, alleging diversity jurisdiction under

1

28 U.S.C. § 1332. (Doc. 1). DRC did not join in the notice of removal but consented to removal. (Doc. 1-6). Plaintiffs moved to remand the action on December 3, 2014. (Doc. 12). Plaintiffs do not challenge the timeliness of removal or defendants' satisfaction of the amount-in-controversy requirement. Instead, they only claim a lack of complete diversity among the parties.

## DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2012). "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

To establish the propriety of removal via diversity jurisdiction under 28 U.S.C. § 1332, every plaintiff must be diverse from every defendant — no plaintiff's citizenship may overlap with any defendant's citizenship. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). An individual is considered a citizen of the state of his domicile — that is, the last state in which he lived with an intention to remain there

indefinitely. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).[1] "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). All other entities are deemed citizens wherever a member of that entity is a citizen. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990). If a member of such an entity is itself a non-corporate entity, the court must continue to drill down through the member entities until only individuals and corporations remain. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Plaintiff Fuzzell is an Alabama citizen. (Doc. 1-1 at 21, ¶ 1). Fuzzell is also the sole member of plaintiff Cahaba Disaster Recovery, LLC. (Doc 1-2 at 3, ¶ 5). Because LLC citizenship is determined by the citizenship of each of its members, *Rolling Greens MHP, L.P., v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004), Cahaba is also considered an Alabama citizen.

Defendant Gold is a citizen of New York. (Doc. 1-5). Defendant DRC is an LLC. Its sole member is Seven Continents Holdings, LLLP. (Doc. 1-3). A limited partnership is deemed a citizen wherever any one of its partners, general or limited, is a citizen. *Carden*, 494

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

U.S. at 195. Seven Continents Holdings, LLLP, has three partners: 7CGP, LLC ("7CGP"); Alcentra BDC Equity Holdings, LLC ("Alcentra BDC"); and United Insurance Company of America ("United"). (Doc. 1-4 at 2-3, ¶ 8). 7CGP is wholly owned by Alcentra BDC. Alcentra BDC is wholly owned by Alcentra Capital Corporation, which is incorporated in Maryland and principally does business in New York. (Doc. 1-4 at 3, ¶ 9). United is incorporated in Illinois and principally does business in Illinois. (Doc. 1-4 at 3, ¶ 10). Therefore, defendant DRC is a citizen of Illinois, Maryland, and New York.

Plaintiffs do not contest any of the above-alleged citizenship. None of the parties mention the status of the fictitious parties, since they are to be ignored for purposes of diversity. 28 U.S.C. § 1441(b)(1). Plaintiffs only challenge the citizenship of defendant Alcentra. In its notice of removal, Alcentra alleges that it is a limited partnership with 167 partners. (Docs. 1 at 4, ¶ 8; 1-4). Alcentra offers evidence of its citizenship by a declaration from its managing partner, who states that none of the partners are Alabama citizens. (Doc. 1-4 at 2). Alcentra also lists all the partners, but the list only states the type and location of each entity. (Doc. 1-4 at 5-9). No further allegations or evidence of citizenship is included with the notice of removal.

Plaintiffs argue that these allegations are insufficient to

demonstrate Alcentra's diversity. While not conceding the insufficiency of the notice of removal, Alcentra has presented voluminous new evidence regarding its members' citizenship in its response to the motion to remand. Plaintiffs contend that this new evidence is impermissible but even if considered still insufficient to establish diversity jurisdiction. Thus, the court is presented with three questions: (1) Is the original notice of removal sufficient to establish this court's jurisdiction? (2) Is Alcentra permitted to supplement or amend the notice of removal with new evidence? (3) Is the new evidence sufficient to establish jurisdiction? Each will be discussed in turn.

**A. Sufficiency of the Original Notice of Removal**

In the notice of removal, Alcentra essentially offers two types of evidence to demonstrate its citizenship: (1) a listing of the entity type and location of each partner and (2) statements by Alcentra's managing partner that none of Alcentra's partners are Alabama citizens. Plaintiffs contend that neither of these is sufficient.

Alcentra's provided list is plainly incapable of demonstrating diversity. To allege citizenship of a member corporation, Alcentra must allege the corporation's state of incorporation and principal place of business. To allege citizenship of a member partnership, LLC, or other non-corporate entity, the removing defendant must state the citizenship of each and all of the entity's members.

Merely listing one location for each of these entities, without even stating the significance of the locations listed, does not provide the court with the information necessary to ensure that it possesses jurisdiction.

Alcentra's general allegation that none of its partners are Alabama citizens is similarly insufficient. This court and others in the Eleventh Circuit have routinely rejected such conclusory allegations, sometimes referred to as Mother Hubbard allegations. *See, e.g.*, *Muscle Shoals Assoc., Ltd. v. MHF Ins. Agency, Inc.*, 792 F. Supp. 1224, 1227 (N.D. Ala. 1992) ("This Court, to fulfill its duty, must be informed by the allegations of plaintiffs' complaint of the exact citizenship of this partnership's general and limited partners ... each one of them and not by a 'Mother Hubbard' allegation . . . ."); *Moreno v. Brietburn Fla., LLC*, No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124, *1 (M.D. Fla. June 9, 2011) ("A conclusory allegation that there is diverse citizenship is insufficient . . . ."); *see also Toms v. Country Quality Meats, Inc.*, 610 F.2d 313 (5th Cir. 1980) ("[W]hen jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'") (quoting 2A James Wm. Moore et al., Moore's Federal Practice ¶ 8.10 (2d ed. 1961)). Without distinct and affirmative allegations of citizenship, this court cannot fulfill its duty to inquire into its jurisdiction. Thus, Alcentra's notice of removal facially fails to confer jurisdiction upon the court.

**B. Alcentra's Ability to Supplement or Amend the Notice of Removal**

Plaintiffs contend that, because Alcentra's original notice of removal is insufficient, the action must be remanded because Alcentra is not permitted to amend or supplement the notice. In support, plaintiffs point to application by district courts around the country of a standard that would allow amendment of removal notices under 28 U.S.C. § 1653 if allegations of jurisdiction are merely defective, but not if the allegations are missing entirely. *See, e.g.*, *Winters Gov't Sec. Corp. v. Cedar Point State Bank*, 446 F. Supp. 1123 (S.D. Fla. 1978). The Eleventh Circuit, however, has not applied this standard; instead, it has held that the district court should consider all jurisdictional evidence, whether the evidence is presented with the notice of removal or in response to a motion to remand. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 (11th Cir. 2010). The Court there stated:

> While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition. We . . . adopt[ ] a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction.

*Id.* (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). In dealing with the exact situation presented here, the failure to establish a party's citizenship in the removal notice, the Eleventh Circuit found the failure to be a "'procedural, rather than jurisdictional, defect,'" and the court

found error in the district court's refusal to allow amendment of the notice of removal under 28 U.S.C. § 1653. *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009). This court will therefore consider the evidence included in Alcentra's response to the motion for remand. Whether the evidence is deemed a mere supplementation, as *Pretka* would suggest, or a formal amendment to the notice of removal, as *Corporate Management Advisors* would suggest, is of no consequence.

**C. Sufficiency of Alcentra's Supplemented/Amended Notice**

Even after Alcentra's new evidence is considered, plaintiffs claim that Alcentra's allegations are defective in two respects: (1) Alcentra has failed to allege the citizenship of all the members of the trust partners and sub-partners; and (2) Alcentra has failed to allege the citizenship of Stevenson Co., LLP. Regarding the second contention, plaintiffs are quite clearly wrong. Plaintiffs claim that Alcentra references the first declaration by Christina Hudson to show Stevenson's citizenship, but such a declaration is not actually in the record. This is plainly incorrect, as Declaration I of Christina Hudson appears in the electronic record as Document 19-6. The document lists all of Stevenson's members in identical fashion to the other 16 filed declarations; plaintiffs' position on this ground is therefore untenable.

As to the citizenship of the trusts, the parties dispute the

appropriate standard to apply. Plaintiffs argue that trust citizenship is determined by the citizenship of all the trust members, while Alcentra contends that only the citizenship of the trustees and not cestuis que trust should be considered. The Supreme Court clarified the general rule for all non-human, non-corporate entities in *Carden*: they are deemed to be citizens in any state or country in which a member of the entity is a citizen. 494 U.S. at 195.

Attempting to avoid this result, Alcentra cites *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980), for the proposition that trustee citizenship controls. In *Navarro*, the Court held that the trustees of a trust were the real parties in interest to the controversy at hand, so they could invoke their own citizenship for diversity purposes when suing in their own names. According to Alcentra, this allows trusts to look to trustee citizenship for purposes of diversity.

The Supreme Court, however, squarely rejected this argument in *Carden*. The Court stated that *Navarro* "did not involve the question whether a party that is an artificial entity other than a corporation can be considered a 'citizen' of a State, but the quite separate question whether parties that were undoubted 'citizens' (viz., natural persons) were the real parties to the controversy." 494 U.S. at 191. The Eleventh Circuit, recognizing this distinction, relied on *Carden* and held that a trust's citizenship

9

is to be determined by the citizenship of all its members. *Riley v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 292 F.3d 1334, 1339 (11th Cir. 2002), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 89 (2006). Even pre-*Carden*, the Eleventh Circuit held that a trust must "'allege facts . . . negativing its being [a] voluntary unincorporated association or facts as to the residence or citizenship of its members.'" *Xaros v. U.S. Fidelity & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987) (quoting *Int'l Ass'n of Machinists v. Eastern Airlines, Inc.*, 320 F.2d 451, 455 (5th Cir. 1963)). Merely naming the trustees for diversity purposes is insufficient. *Id.* at 1182.

Therefore, Alcentra must allege what it has not alleged, the citizenship of all the members of its trust partners and sub-partners. The court is aware that such a burden is onerous, but, as recognized by the Eleventh Circuit in a case imposing a much more onerous burden, "The rule of *Carden*, however, is 'technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization,' and does not admit of exceptions based on convenience or practicality." *Underwriters at Lloyd's of London v. Osting-Schwinn*, 613 F.3d 1079, 1090 (11th Cir. 2010) (quoting *Carden*, 494 U.S. at 196). Accordingly, plaintiffs' motion to remand is due to be granted.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to remand

will be granted. A separate order to that effect will be entered.

DONE this 30th day of January, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE